ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ROBERTO CARLOS RIVERA GONZÁLEZ<br><br>Apelado<br><br>V.<br><br>ANEL FELICIANO SOTO y OLGA LYDIA RIVERA ROSADO y la Sociedad Legal de Gananciales compuesta por ambos<br><br>Apelantes | KLAN202400254 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de UTUADO<br><br>Caso Núm. UT2020CV00317<br><br>Sobre:<br><br>PRESCRIPCION ORDINARIA Y EXTRAORDINARIA |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 26 de abril de 2024.

Anel Feliciano Soto y Olga Lydia Rivera Rosado (en conjunto los Apelantes) solicitan la revocación de una *Sentencia Enmendada* emitida y notificada el 9 de febrero de 2023 por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI). Mediante esta, el foro de instancia ordenó la remoción del portón que impide el acceso a la propiedad de Roberto Carlos Rivera González (señor Rivera González o Apelado), a costa de los Apelantes.

Por los fundamentos que expondremos a continuación, confirmamos la determinación recurrida.

## I.

El 1 de diciembre de 2020, el señor Rivera González presentó una *Demanda* sobre deslinde, acción reivindicatoria, sentencia declaratoria y servidumbre de paso, contra Anel

Feliciano Soto y Olga Lydia Rivera Rosado.[1]  Alegó que los Apelantes estaban en posesión de terrenos pertenecientes al Apelado en el municipio de Adjuntas, Puerto Rico.  Adujo, además, que existe un camino desde tiempo inmemorial que da acceso directo a la finca objeto de este pleito y que fue obstruido por los Apelantes con la construcción de un portón.[2]

En respuesta, el 8 de febrero de 2021, los Apelantes presentaron una *Contestación a Demanda*.[3]  Alegaron prescripción tanto ordinaria como extraordinaria por haber transcurrido más de veinte (20) años de posesión pacífica, púbica, ininterrumpida y en concepto de dueño, justo título y buena fe.[4]

La *Conferencia Inicial* se celebró el 3 de mayo de 2021, donde el TPI determinó que se debía proveer el acceso al predio al perito Jorge Soto Colón.[5]  El 1 de septiembre de 2021, el TPI celebró una *Vista Inspección Ocular*.[6]

Tras varios trámites procesales, el 26 de octubre de 2022, el TPI expidió una orden dirigida a los Apelantes concediéndoles un término para notificar el nombre del perito que habría de utilizar.  Se les apercibió que el incumplimiento los privaría de presentar prueba pericial.[7]  Por tal razón, el 7 de diciembre de 2022, el TPI emitió una *Resolución* donde dispuso que, ante el incumplimiento de los Apelantes, no se le permitiría la presentación de prueba pericial.[8]  Inconformes, los Apelantes

---

[1] Apéndice de la Apelación, págs. 1-4.
[2] *Íd.*
[3] *Íd.*, págs. 5-9.
[4] *Íd.*, pág. 8.
[5] Apéndice de la Oposición a Apelación, pág. 15.
[6] Examinamos el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B.  Véase, entrada 21.
[7] Apéndice de la Oposición a Apelación, pág. 18.
[8] *Íd.*, pág. 19.

presentaron una *Moción en Reconsideración* el 1 de febrero de 2023,[9] pero el TPI la declaró No Ha Lugar.[10]

El *Informe Preliminar Entre Abogados* se suscribió el 13 de marzo de 2023.[11] La *Conferencia con Antelación al Juicio* se celebró el 5 de abril de 2023.[12] El 3 de noviembre de 2023, los Apelantes presentaron una *Solicitud de Permiso para Enmendar Informe de Conferencia Preliminar Entre Abogados*.[13]

Así las cosas, el 9 de febrero de 2024, el TPI emitió y notificó una *Sentencia Enmendada*.[14] Mediante esta, el foro de instancia ordenó la remoción del portón que impide el acceso a la propiedad del señor Rivera González, a costa de los Apelantes.[15]

En desacuerdo con la determinación del TPI, el 14 de marzo de 2024 los Apelantes presentaron el recurso que atendemos. Alegó que incidió el TPI:

> AL DISPONER DE MANERA ABSOLUTA EL DEJAR SI[N] PROTECCIÓN Y AL USO DE UN PERITO AGRIMENSOR A LOS DEMANDADOS CON EL CONOCIMIENTO DE QUE EL CASO REQUERÍA ESE TIPO DE PERITAJE. TAL CUAL QUED[Ó] EVIDENCIADO EN LA VISTA DEL CASO EN LA QUE LOS DEMANDANTES EN MANERA ALGUNA INFORMARON LA CABIDA DEL SOLAR NÚMERO TRES (3), CUANDO YA HABÍA SIDO MEDIDO POR OTRO AGRIMENSOR DE NOMBRE AGRIM. MILTON GONZÁLEZ FERNANDINI, A QUIEN DECIDIERON DESPEDIR POR NO ESTAR DE ACUERDO CON DICHA INFORMACIÓN. ELLO MÁS BIEN FUNDAMENTADO EN UNA COMUNICACIÓN DEL AGRIMENSOR EDWIN CRESPO CUEVAS, DE FECHA 5 DE DICIEMBRE DE 2022. POSTERIORMENTE, PEOR PREVIO AL JUICIO EL TRIBUNAL DETERMINÓ PROHIBIR A LOS DEMANDADOS EL USO DE UN PERITO AGRIMENSOR, VÉASE ENTRADA 57 Y 59 EXH. F, PÁGS. 29 A 31 Y ENTRADAS 665, EXH G. PÁGS. 32 A 37.
>
> DE IGUAL MANERA EL TRIBUNAL A UNA SOLICITUD NUESTRA PARA ENMENDAR LA CONFERENCIA CON ANTELACIÓN AL JUICIO PARA INCLUIR DOS (2) TESTIGOS REPRESENTANTES DE LA COMUNIDAD YA QUE DE LOS 20 A 25 ENTREVISTADOS SOLO ESTOS DOS NOTIFICARON QUE ESTARÍAN DISPUESTOS A TESTIFICAR, DETERMINACIÓN HECHA DESPUÉS DE TENER UNA CONFERENCIA CON LOS DEMANDADOS Y MI PERSONA. ESA PETICIÓN TAMBIÉN

---

[9] *Íd.*, págs. 24-28.
[10] *Íd.*, pág. 29.
[11] SUMAC, entrada 74.
[12] *Íd.*, entrada 79.
[13] Apéndice de la Oposición a Apelación, págs. 32-34.
[14] Apéndice de la Apelación, págs. 10-21.
[15] *Íd.*, pág. 21.

FUE DENEGADA POR EL TRIBUNAL. VÉASE ENTRADAS 82 Y 83, EXH. H, [PÁGS. 38 A 41.]

ERRÓ EL TRIBUNAL AL RECLAMAR Y SOLICITAR DEL TESTIGO ULISES TOLEDO GONZÁLEZ, QUE DESCRIBIRÁ CON LUJO DE DETALLE, LA DESCRIPCIÓN, LOCALIZACIÓN EXACTA Y PRECISA DE LOS DE LA QUE FUERA SU PROPIEDAD HASTA EL AÑO DE 2004, (CUANDO VENDIÓ LA PROPIEDAD), LOS PUNTOS DE COLINDANCIA DEL PREDIO NÚMERO DOS (2), HOY PROPIEDAD DE LOS DEMANDADOS Y NO EL NOMBRE DE LOS COLINDANTES, EL NÚMERO DE LA CARRETERA O EL NÚMERO DEL SOLAR O LOTE QUE ES LO QUE INFORMA LA DESCRIPCIÓN DEL LOTE NÚMERO DOS (2) Y DESCRIBE EN LA ESCRITURA QUE SE INCLUYE EN LAS PÁGINAS CINCO Y SEIS (5 Y 6) DE LA SENTENCIA ENMENDADA, AL APARTADO NÚMERO DOS (2) DE LAS DETERMINACIONES DE HECHO.

El 23 de abril de 2024, el señor Rivera González presentó su oposición. Con el beneficio de ambas comparecencias, adjudicamos el recurso.

## II.

### A.

La Regla 47 de Procedimiento Civil, 32 LPRA, Ap. V, R. 47, dispone en lo aquí pertinente como sigue:

> La parte adversamente afectada por una orden o resolución del tribunal de Primera Instancia podrá, dentro del término de **cumplimiento estricto** de **quince (15) días** desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.

La moción de reconsideración es uno de los actos determinados que, para que surta efectividad, demanda el cumplimiento con los requisitos que postula la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V. (Regla 47).

La Regla 47 es una herramienta que permite que el foro adjudicativo enmiende o corrija los errores incurridos al dictar una sentencia, resolución u orden. Simons y otros v. Leaf Pretroleum Corp., 209 DPR 216 (2022). La presentación de la moción de reconsideración repercute en la interrupción automática del término para invocar el socorro de un foro revisor. A tenor con la norma procesal, la parte promovente de la solicitud de

reconsideración tendrá el término de quince días contado desde la fecha en que el tribunal archive en autos copia de la notificación de la sentencia, resolución u orden.  Cuando el dictamen es una sentencia, el término es jurisdiccional y si son resoluciones u órdenes, el plazo es de cumplimiento estricto.  Simons y otros v. Leaf Pretroleum Corp., 209 DPR 216 (2022); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 731 (2016); Morales y otros v. The Sheraton Corp., 191 DPR 1, 7 (2014).

A diferencia de un término jurisdiccional, un término de cumplimiento estricto puede prorrogarse siempre y cuando exista una justa causa.  Ahora bien, los tribunales no gozamos de discreción para prorrogar los términos de cumplimiento estricto automáticamente.  Rivera Marcucci et al v. Suiza Dairy, 196 DPR 157, 170 (2016); Toro Rivera v. ELA, 194 DPR 393, 414 (2015); Soto Pino v. Uno Radio Group, 189 DPR 84 (2013); Montañez Leduc v. Robinson Santana, supra.

Los foros adjudicativos poseen discreción para extender un término de cumplimiento estricto, solamente cuando la parte que lo solicita demuestra justa causa para la tardanza.  Rivera Marcucci v. Suiza Dairy Inc., supra, pág. 171.  Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.  Íd.

La justa causa se acredita mediante explicaciones concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora.  Rivera Marcucci v. Suiza Dairy Inc., supra, pág. 171; citando a Soto Pino v. Uno Radio Group, supra.  Por otro lado, no constituyen justa causa las "vaguedades y las excusas o planteamientos estereotipados".  De

lo contrario, la acreditación de la justa causa se convertiría en un juego de "mero automatismo" con justificaciones genéricas carentes de los detalles que causaron la dilación. Rivera Marcucci v. Suiza Dairy Inc., *supra*, pág. 171-172.

Por consiguiente, para establecer justa causa, la parte deberá demostrar al tribunal 1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. Rivera Marcucci et al v. Suiza Dairy, *supra*, pág. 171. En ausencia de alguna de estas dos condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto. Soto Pino v. Uno Radio Group, *supra,* pág. 93.

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo[...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". Rivera Marcucci et al v. Suiza Dairy, *supra*, pág. 171, citando a Pueblo v. Fragoso Sierra, 109 DPR 536, 539 (1980).

Es un deber acreditar la existencia de justa causa, incluso antes de que un tribunal se lo requiera, si no se observa un término de cumplimiento estricto". Rivera Marcucci et al v. Suiza Dairy, *supra*, citando a Soto Pino v. Uno Radio Group, *supra*, pág. 97. (Énfasis suplido).

**B.**

La Regla 37.4 de Procedimiento Civil, 32 LPRA Ap. V R. 37.4, exige que los abogados o las abogadas de las partes en los casos señalados para conferencia con antelación al juicio se reúnan para

confeccionar el Informe preliminar entre abogados. Conforme la citada regla, este informe contendrá:

(a) Nombres, direcciones, teléfonos, fax y correo electrónico de los abogados y las abogadas que intervendrán en representación de las partes en la vista en su fondo del caso.

(b) Una breve relación de los hechos pertinentes a las reclamaciones o defensas de las partes. Si se reclaman daños, un desglose detallado de éstos.

(c) Estipulaciones sobre los hechos, documentos y asuntos sobre los cuales no exista controversia y que eviten la presentación de evidencia innecesaria.

(d) Una exposición breve de la posición de las partes con respecto a los hechos, documentos y asuntos sobre los cuales exista controversia y la base legal que apoye tal posición.

(e) Un resumen del derecho aplicable a los hechos específicos del caso, un resumen de las cuestiones de derecho que las partes anticipen que se plantearán o que ya se hayan planteado, señalando aquellos en que exista desacuerdo y sus opiniones, y la jurisprudencia específica aplicable.

(f) Una relación detallada de la prueba documental debidamente identificada, incluso las deposiciones u otra prueba que se ofrecerá y respecto a cuya admisión en evidencia no exista controversia.

(g) Una relación de la prueba documental que ofrecerá cada parte y respecto a cuya admisión en evidencia exista controversia, incluso una sucinta exposición de los fundamentos en que se base la objeción.

(h) Una lista de cada parte con los nombres y las direcciones de las personas testigos, incluso los peritos y las peritas de ocurrencia, que testificarán en el juicio (excepto los testigos de impugnación o de refutación), incluso un resumen de su testimonio.

(i) Una lista de cada parte con los nombres de las personas peritos que testificarán en el juicio, incluyendo un resumen de su testimonio.

(j) Las reclamaciones o defensas que cada parte alegue que se han desistido o renunciado.

(k) Una lista de todas las mociones presentadas y aquellas que consideren someter, sujeto a la discreción del tribunal, para permitirlas en esta etapa del procedimiento.

(l) Las enmiendas a las alegaciones y los fundamentos por los cuales éstas no se presentaron con anterioridad.

(m) Un estimado del número de días y horas requeridas para la presentación de la prueba de cada una de las partes en el juicio en su fondo.

(n) La posibilidad de una transacción.

(o) Considerar cualesquiera otras medidas que puedan facilitar la más pronta terminación del pleito. (Énfasis suplido).

Igualmente, la Regla 37.4, *supra*, establece que el informe deberá someterse diez (10) días antes del señalamiento para la conferencia con antelación al juicio. Por último, esta regla señala que, **a menos que se demuestre justa causa, no se permitirá presentar prueba que no haya sido previamente identificado en el informe a prepararse.**

Los tribunales de instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. In re Collazo I, 159 DPR 141, 150 (2003). El funcionamiento efectivo de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos requieren que nuestros jueces de instancia tengan gran flexibilidad y discreción para trabajar con el diario manejo y tramitación de los asuntos judiciales. *Id*.

## C.

La apelación no es un recurso de carácter discrecional como lo es el *certiorari*, por lo que, satisfechos los requisitos jurisdiccionales y para el perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. Pellot v. Avon, 160 DPR 125, 136 (2003). Al revisar una determinación de un tribunal de menor jerarquía, los tribunales tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Dávila Nieves v. Meléndez Marín, 187 DPR 750, 770 (2013). Con relación a las conclusiones de derecho, estas son revisables en su totalidad por los tribunales apelativos. *Ibíd.*

Como regla general, los foros superiores no tenemos facultad para sustituir las determinaciones del tribunal de instancia con nuestras propias apreciaciones. *Id.*, pág. 771; Serrano Muñoz v. Auxilio Mutuo, 171 DPR 717, 741 (2007). Así pues, tampoco debemos intervenir con las determinaciones de hechos que realizó dicho foro, la apreciación de la prueba y la adjudicación de credibilidad de los testigos. *Ibíd.* Sin embargo, la norma de deferencia antes esbozada encuentra su excepción y cede, cuando la parte promovente demuestra que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. Zorniak Air Services v. Cessna Aircraft Co., 132 DPR 170, 181 (1992); Lluch v. España Service Sta., 117 DPR 729, 745 (1986).

Por discreción se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". García v. Asociación, 165 DPR 311, 321 (2005). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Ibíd*. El Tribunal Supremo ha enumerado las situaciones que constituyen un abuso de discreción, estas son:

> [c]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002).

En cambio, si la actuación del tribunal no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).

A la luz de la mencionada normativa, evaluamos.

### III.

Los Apelantes señalan que el TPI incidió al prohibirles el uso de un perito agrimensor. En un caso presentado el 1 de diciembre de 2020 y luego de múltiples requerimientos de que indicara su perito, surge del tracto procesal que el 26 de octubre de 2022, el TPI le concedió un término final, mediante orden, para notificar el nombre del perito que habría de utilizar. Además, el foro primario les apercibió que el incumplimiento con esa orden, los privaría de presentar prueba pericial. Aun así, los Apelantes incumplieron.

Por tal razón, el 7 de diciembre de 2022, el TPI emitió una *Resolución* donde dispuso que, ante el incumplimiento de los Apelantes, no se le permitiría la presentación de prueba pericial. Insatisfechos, los Apelantes presentaron una moción de reconsideración el 1 de febrero de 2023, pero el TPI la declaró No Ha Lugar.

Según esbozado, la parte adversamente afectada por una resolución del TPI podrá, **dentro del término de cumplimiento estricto de quince (15) días**, presentar una moción de reconsideración. Los foros adjudicativos poseen discreción para extender un término de cumplimiento estricto cuando la parte que lo solicita demuestra justa causa para la tardanza. Sin embargo, no constituyen justa causa las vaguedades y las excusas o planteamientos estereotipados. Hemos encontrado que, en

múltiples instancias a lo largo del caso, se le indicó a la parte apelada que tenía que informar el nombre de su perito, si interesaba presentar uno, pero nunca lo hizo a tiempo. No incidió el TPI.

Por otro lado, los Apelantes señalan que el TPI erró al no permitirle enmendar el informe de conferencia con antelación al juicio. Surge del expediente que el *Informe Preliminar Entre Abogados* se suscribió el 13 de marzo de 2023 y los Apelantes presentaron una *Solicitud de Permiso para Enmendar Informe de Conferencia Preliminar Entre Abogados* el 3 de noviembre de 2023.

Conforme a la normativa antes expuesta, la Regla 37.4 de Procedimiento Civil, *supra*, señala que, **a menos que se demuestre justa causa, no se permitirá presentar prueba que no haya sido previamente identificado en el informe a prepararse.** Sabemos, además, que los tribunales de instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. La pretensión de la parte apelante de anunciar nuevos testigos pocos días antes de la fecha pautada para comenzar el juicio del caso pautado meses antes fue una afrenta al proceso. Tampoco erró el TPI.

Finalmente, los Apelantes señalan que el TPI incidió al solicitar del testigo Ulises Toledo González, que describa la localización exacta de lo que era su propiedad hasta el año de 2004. Reiteramos que no debemos intervenir con las determinaciones de hechos que realizó dicho foro, la apreciación de la prueba y la adjudicación de credibilidad de los testigos.

En este caso, la parte promovente no logró demostrar que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o

aplicación de cualquier norma procesal o de derecho sustantivo. Es decir, la actuación del tribunal no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, por lo que debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso.

## IV.

Por los fundamentos ante expuestos, CONFIRMAMOS la *Sentencia Enmendada* emitida por el TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones